UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL NO. 1:21-cv-1977

HERON RUIZ and ROZALDA RUIZ, On
Behalf of Themselves and All Others
Similarly Situated,

Plaintiffs,

V.

WOOD GROUP USA, INC.,

Defendant.

**JURY TRIAL DEMANDED**

---

**PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT & JURY DEMAND**

---

1. Defendant Wood Group USA, Inc. ("Defendant") required Plaintiffs Heron Ruiz and Rozalda Ruiz ("Plaintiffs") to work more than forty hours in a workweek as welders but failed to pay them overtime wages at the rate of time and one half their regular rates of pay for all hours worked over 40 in a week or more than 12 hours in a day, as required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*, and Colorado state law.

2. Plaintiffs worked for Defendant in Colorado. As such, Plaintiffs bring claims under the Colorado Wage Claim Act, *see* Colo. Rev. Stat. §§ 8-4-101, *et seq.* ("CWCA") as a Rule 23 Class Action. Members of the Colorado class are hereinafter referred to as the "Class Members."

1

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this lawsuit brings claims under federal law and thus, raises federal questions. This Court also has original jurisdiction over Plaintiffs' claims pursuant to the Class Action Fairness Act found in 28 U.S.C. § 1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in where there are in excess of 100 class members and some of the class members are citizens of a state different than that of Defendant.

4. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive. Namely, the failure of Defendant to pay overtime due to a common pay practice of failing to include rig pay in the calculation of the regular rate of pay.

5. Venue is proper in the District of Colorado because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Heron Ruiz is an individual residing in Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Said Plaintiff performed work for Defendant in Colorado within the last three years.

7. Plaintiff Rozalda Ruiz is an individual residing in Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "B." Said Plaintiff performed work for Defendant in Colorado within the last three years.

8. The Class Members are all current and former employees who worked in Colorado and were paid an hourly rate and rig pay for at least one week during the three year period prior to the filing of this lawsuit to the present.

9. Defendant Wood Group USA, Inc. is a Texas corporation. Defendant can be served with process by serving United Agent Group Inc. at 155 E. Boardwalk #490, Fort Collins, CO 80525.

## COVERAGE

10. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

11. At all material times, Defendant has been an employer within the meaning of Co. Rev. Stat. § 8-4-101(5) and the applicable Colorado Minimum Wage Orders.

12. Defendant is a commercial support service company within the meaning of the applicable Colorado Minimum Wage Orders because it is a business or enterprise that is directly or indirectly engaged in providing service to other commercial firms through the use of service employees such as Plaintiffs and the Class Members. Additionally, Plaintiffs were service employees as they provided welding services throughout Colorado.

13. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

14. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

16. At all material times, Plaintiffs and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

17. At all material times, Plaintiffs and the Colorado Class Members were employees of Defendant with the meaning of CO. REV. STAT. § 8-104-101(4) and the applicable Colorado Minimum Wage Orders.

## FACTS

18. Defendant is an engineering company that provides services to other companies in the oil and gas industry. As Defendant's website states, "[w]ith 40,000 professionals, across 60 countries, we are one of the world's leading consulting and engineering companies operating across Energy and the Built Environment." (*See* https://www.woodplc.com/company/our-business, last visited July 21, 2021). Defendant operates across the US, including in Texas, California, Colorado, and New York.

19. Plaintiff Heron Ruiz worked for Defendant from approximately August 2014 to October 2020 as a welder. As a welder, Plaintiff Heron Ruiz performed manual labor, welding tasks on oil rigs and other oilfield equipment. He was paid an hourly rate of pay, "Rig Pay" and a per diem. Plaintiff Heron Ruiz regularly worked more than 40 hours each week. In fact, Plaintiff Heron Ruiz worked a schedule that was approximately Monday through Saturday with 10 hours per day on average. He was paid "Rig Pay" at a rate of $17 per hour. However, his Rig Pay was not factored into his regular rate of pay for purposes of calculating overtime. His per diem was also not factored into his regular rate of pay for purposes of calculating overtime.

20. Plaintiff Rozalda Ruiz worked for Defendant from approximately August 2015 to October 2020 as a welder. As a welder, Plaintiff Rozalda Ruiz performed manual labor, welding tasks on oil rigs and other oilfield equipment. Specifically, she performed welding tasks on compressor stations. She also performed welding tasks on pipelines. She was paid an hourly rate of pay, "Rig Pay," and a per diem. Plaintiff Rozalda Ruiz regularly worked more than 40 hours each week. In fact, Plaintiff Rozalda Ruiz worked a schedule that was approximately Monday through Saturday with 10 hours per day on average. She was paid "Rig Pay" at a rate of $17 per hour. However, this Rig Pay was not factored into her regular rate of pay for purposes of calculating overtime. Likewise, her per diem was not factored into her regular rate of pay for purposes of calculating overtime.

21. Like Plaintiffs, the Class Members were paid an hourly rate plus "Rig Pay" and a per diem.

22. Like Plaintiffs, the Class Members performed manual labor tasks on oilfield equipment.

23. Like Plaintiffs, the Class Members worked more than 40 hours in a week.

24. Plaintiffs were not exempt from overtime.

25. The Class Members were not exempt from overtime.

26. Although the Plaintiffs and Class Members were paid on an hourly rate basis, they were not paid overtime at the rate of time and one-half their regular rates of pay for all hours worked over 40 in a week.

27. That is because "Rig Pay" and the per diem payments were not included in their regular rate of pay for purposes of calculating overtime. Defendant illegally classified "Rig Pay" and the per diem payments as expense reimbursements instead of as wages.

28. Thus, the overtime the Plaintiffs and the Class Members were paid was less than time and one half their regular rates of pay.

29. "Rig Pay" constitutes wages as a matter of law because the amount paid by Defendant was based upon the number of hours worked. That is, "Rig Pay" was not based upon actual expenses, but was based upon hours worked. In these circumstances, Rig Pay is a wage payment that must be included in the regular rate of pay as a matter of law. *See, e.g., Newman v. Advanced Tech. Innovation Corp.*, 749 F.3d 33 (1st Cir. 2014) (holding that expense payment that was based upon the number of hours worked is a wage payment that must be factored into the regular rate of pay when calculating overtime); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 1041-42 (5th Cir. 2010) (same); *Dittman v. Medical Solution, LLC*, 2019 WL 4302752 (E.D. Cal. Sep. 11, 2019) (same); *Junkersfield v. Per Diem Staffing Sys., Inc.*, 2019 WL 2247768 (N.D. Cal. 2019) (same); *Howell v. Advantage RN, LLC*, 2019 WL 3858896, at *9 (S.D. Cal. 2019) ("that the per diem is paid weekly and adjusted based on hours or shifts worked makes the per diem function more as remuneration for hours worked than as reimbursement for expenses."); *Hanson v. Camin Cargo Control, Inc.*, 2015 WL 1737394, at *5 (S.D. Tex. Apr. 16, 2015) (holding that a meal payment that increased with the number of hours worked was wages and should have been included in the regular rate of pay for purposes of calculating overtime).

30. For example, Plaintiff Heron Ruiz was paid an hourly rate of $27 per hour and Rig Pay of $17 per hour. Plaintiff's true hourly rate of pay was $44 per hour, not $27 per hour. His overtime rate was then $66 per hour (1.5 x $44 per hour), which was not paid to him.

31. Additionally, the per diem paid to the Plaintiffs and Class Members should have been included in the regular rate of pay.

32. There is a two part test to determine whether a per diem constitutes wages that must be included in the regular rate of pay. First, the determination must be made as to whether the payment is primarily for the **<u>benefit or convenience</u>** of the employee versus the employer. If the expense payment is primarily for the "benefit or convenience" of the employee, then the payment constitutes wages as a matter of law.

> Section 778.217(d) states as follows:
>
> The expenses for which reimbursement is made must, in order to merit exclusion from the regular rate under this section, be expenses incurred by the employee on the employer's behalf or for his benefit or convenience. **If the employer reimburses the employee for expenses normally incurred by the employee for his own benefit, he is, of course, increasing the employee's regular rate thereby**. An employee normally incurs expenses in traveling to and from work, buying lunch, paying rent, and the like. **If the employer reimburses him for these normal everyday expenses, the payment is not excluded from the regular rate as "reimbursement for expenses."** Whether the employer "reimburses" the employee for such expenses or furnishes the facilities (such as free lunches or free housing), the amount paid to the employee (or the reasonable cost to the employer or fair value where facilities are furnished) enters into the regular rate of pay as discussed in § 778.116.

*Id* at § 778.217(d) (emphasis added).

33. If the expense payment is primarily for the "benefit or convenience" of the employer, then the analysis shifts to the second step: whether the amount paid by the employer to the employee was reasonable. This part of the test requires an examination into the reasonableness

7

of the amount of the reimbursement. Any amount in excess of the actual or reasonably approximate amount of the expense will be included in the regular rate, and due to this inclusion, will be multiplied by one and one half to derive the appropriate amount of overtime. *See* Wage and Hour Division Opinion Letter, March 10, 1993, *available at* 1993 WL 901152. These payments must be included in the regular rate because not doing so "would allow employers to 'evade the overtime requirements with ease.'" *Reich v. Interstate Brands, Corp.*, 57 F.3d 574, 577 (7th Cir. 1995).

34. Here the per diems were for the benefit and convenience of Plaintiffs and the Class Members. Defendant has provided compensation for vehicles, non-productive work (like home to work travel), and other activities that only benefit the Plaintiffs and Class Members.

35. Further, even if they were not primarily for the benefit and convenience of Plaintiffs and the Class Members, the per diems were substantially greater than the actual or reasonable approximation of the Plaintiffs' and Class Members' expenses. In fact, Defendant paid the per diem regardless of whether or not they actually incurred travel or work related expenses in a given week. Thus, the per diems bore no reasonable relationship to actual expenses that were incurred.

36. Defendant simply paid a preset per diem for each day worked. Therefore, the per diem bore no reasonable relationship to actual expenses that were incurred.

37. Defendant disguised this compensation as an expense reimbursement in order to avoid including such compensation in the calculation of the overtime rate. Again, because Defendant failed to include the per diem in the overtime calculation, Defendant has paid the Plaintiff and Class Members at rates less than what the FLSA mandates.

38. Although Plaintiffs and the Class Members have been required to work more than 40 hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of 40 per work-week.

39. Defendant's method of paying the Plaintiffs and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that the conduct complied with the FLSA. Defendant's misclassification was not by accident, but a well thought out scheme to reduce labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the FLSA was willful.

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

40. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

41. Defendant's practice of failing to pay Plaintiffs time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

42. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiffs.

### COUNT TWO: VIOLATION OF COLORADO WAGE CLAIM ACT (CLASS ACTION)

43. Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

44. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the CWCA. At all relevant times, Defendant has employed and continues to employ, "employees," including the Class Members and Plaintiffs, within the meaning of the CWCA.

45. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

46. As a result, Plaintiffs and the Class Members have been damaged in an amount to be determined at trial. Plaintiffs, on behalf of themselves and on behalf of the Class Members, hereby demand payment as contemplated by the CWCA in an amount sufficient to compensate Plaintiffs and the Class Members for all unpaid overtime wages.

## **RULE 23 CLASS ACTION ALLEGATIONS**

47. Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

48. Plaintiffs brings their overtime claims arising under the CWCA as a Rule 23 class action on behalf of the following class:

> All current and former employees of Defendant who worked in Colorado and were paid an hourly rate and rig pay for at least one week during the three year period prior to the filing of this lawsuit to the present.

49. Although Plaintiffs do not know the precise number of members of the proposed class, Plaintiffs believe there are more than 100 individuals that fit into the class.

50. The members of the classes are so numerous that their individual joinder is impractical.

51. The identity of the members of the classes is readily discernible from Defendant's records.

52. Plaintiffs and the Class Members on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

53. Common questions of law and fact exist to all members of the Class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a. Whether Plaintiff and the Class Members worked hours in excess of forty hours per work-week;

   b. Whether Plaintiff and the Class Members worked in excess of 12 hours per day;

   c. Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as prescribed by Colorado law;

   d. Whether Rig Pay was a payment that was tied to hours worked;

   d. Whether Rig Pay should have been included in the regular rates of pay of the Plaintiffs and Class Members.

54. These and other common questions of law and fact, which are common to the members of the Class, predominate over any individual questions affecting only individual members of the Class.

55. Plaintiffs' claims are typical of the claims of the class because Plaintiffs were not paid overtime wages in accordance with Colorado law and because Defendant classified the Rig Pay issued to the Plaintiffs as an expense reimbursement just as it did with the Colorado Class Members.

56. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class that they seek to represent. Plaintiffs have retained competent counsel, highly experienced in complex class action litigation, and they intend to

prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

57. The class action under Colorado state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiffs and the Class Members. The injuries suffered by each individual Class Member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them; even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## JURY DEMAND

58. Plaintiffs and Class Members hereby demand trial by jury on all issues.

## PRAYER

59. For these reasons, Plaintiffs pray for:

   a. An order certifying this case as a class action under Rule 23 for the Colorado state law claims;

   b. A judgment against Defendant awarding Plaintiffs and the Class Members all of their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees, costs, and expenses;

   d. Pre- and post-judgment interest at the highest applicable rates; and

e.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don J. Foty
Don J. Foty
dfoty@hftrialfirm.com
Texas State Bar No. 24050022
Admitted before U.S. District Court of Colorado
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFFS AND CLASS MEMBERS